UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMOND SARKIS,<br><br>            Plaintiff,<br><br>    v.<br><br>YOLO COUNTY PUBLIC AGENCY RISK MANAGEMENT INSURANCE AUTHORITY, *et al.*,<br><br>            Defendants. | Case No. 2:21-cv-01097-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE DENIED IN PART AND GRANTED IN PART<br><br>ECF No. 7 |

Plaintiff, proceeding without counsel, commenced this wrongful termination action against his former employer, Yolo County Public Agency Risk Management ("Yolo"); the president of its board, defendant Jill Cook; and its attorney, defendant deputy county counsel Ronald Martinez. He alleges that defendants subjected him to disparate treatment, harassment, and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act, and California's Fair Employment and Housing Act ("FEHA"). Defendants move to dismiss. Defendants argue that plaintiff's ADEA, Title VII, and most—though not all—of his state law claims are legally deficient, and that the court should decline to exercise supplemental jurisdiction over the remaining state law claims. I recommend that defendants' motion be granted with regard to (1) plaintiff's federal claims against the two individual

defendants, (2) all state law claims against defendant Martinez, and (3) certain state law claims against defendant Cook, but otherwise denied.

**Factual Allegations**

In April 2019, plaintiff, an Iranian-born American of Middle Eastern descent, was hired as a CEO/Risk Manager by Yolo. ECF No. 1 at 1, 4. During the first part of his employment, he worked without issue and received praise from the agency's board of directors. *Id*. at 5. That changed, however, on March 4, 2020, when he had a disagreement with defendant Cook over whether Yolo should provide coverage for an insurance claim. *Id.* at 37-39. When plaintiff took steps towards terminating coverage, Cook allegedly began a campaign of harassment against him, which continued until plaintiff's termination on May 4, 2020. *Id.* at 38-52.

Plaintiff alleges that at various meetings he had with Cook, she repeatedly referred to his national origin and age in demeaning ways. *See id.* at 38 (responding to plaintiff's place of birth in Iran as "a shame!"); *id.* at 41 ("[Y]ou're just a hard headed arrogant immigrant."); *id.* at 47 ("You dumb ass immigrant."); *id.* at 48 ("You're just too old to get it. We only have a need for people who are trainable . . . unlike arrogant old pricks like you two."); *id.* (calling plaintiff "an arrogant sand n*****"). Cook also allegedly told plaintiff to fire one of Yolo's older employees, claiming that she did not want to keep old employees around. *Id.* at 44-48.

On February 26, while attending a conference in Monterey, plaintiff's former coworker filed a false police report accusing him of battery. *Id.* at 7-10, 50. On March 12, 2020, the Monterey District Attorney's Office declined to charge plaintiff, but plaintiff never informed Yolo of the incident. *Id.*

On April 22, 2020, Yolo held a special board meeting, in which plaintiff was not included. *Id.* at 51. The following day, Cook and Yolo's counsel, defendant Martinez, had a Zoom conference call with plaintiff. *Id.* at 7, 52. Martinez allegedly told plaintiff that his employment was being terminated because he had failed to inform the Board about the sexual misconduct and harassment incident in Monterey. *Id.* at 7-10, 52. Martinez also notified him that he would need to sign a separation and release agreement within twenty-four hours if he wanted to receive one month's pay. *Id.* 10-11. Martinez explained that if the paperwork was not signed in time,

2

plaintiff would be fired. *Id.* Plaintiff explained that the allegations in the report lodged against him were false and that the case had been rejected by the District Attorney's Office. *Id.* Shortly thereafter, plaintiff's employment was terminated. *Id.* at 11, 54.

**Legal Standard**

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The court construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**Discussion**

Defendants argue that plaintiff fails to state a claim for discrimination under either the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), or Title VII, 42 U.S.C. § 2000e-2. They also advance numerous grounds for dismissal of nearly all of plaintiff's state law FEHA claims against Cook and Martinez and ask that the court decline to exercise supplemental jurisdiction over the remaining state law claims.

I.   Claims against Defendants Cook and Martinez

Plaintiff has sued Cook in both her official and individual capacities, but Martinez in only his official capacity. ECF No. 1 at 3. Defendants argue that plaintiff's official capacity claims should be dismissed because they are duplicative of his claims against Yolo. ECF No. 7-1 at 7-9, 11-12.

An official capacity claim against a government employee is, for all intents and purposes, a claim against the employing government entity. *See Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978); *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). Thus, when a plaintiff asserts a claim against both a local government agency and its employees in their official capacities, the official capacity claim is redundant and subject to dismissal. *See Qualls v. Cnty. of Sacramento*, No. 2:20-cv-00612-TLN-DB, 2022 WL 597521, *3 n.1 (E.D. Cal. Feb. 28, 2022). Because plaintiff asserts all of his claims against each of the defendants, his official capacity claims against Cook and Martinez should be dismissed.

Defendants also correctly argue that plaintiff cannot maintain his federal claims against Cook in her individual capacity because there is no individual liability under either ADEA or Title VII. *See Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995) ("Under Title VII, there is no personal liability for employees, including supervisors such as McMillin."); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (holding that there is no individual liability under either Title VII or the ADEA). Likewise, there is no personal liability for discrimination or retaliation claims under California's FEHA. *Jones v. Lodge at Torrey Pines P'Ship*, 42 Cal. 4th 1158, 1162, 1173 (2008); *Reno v. Baird*, 18 Cal. 4th 640, 663-64 (1998).

Accordingly, plaintiff's ADEA, Title VII, and state law discrimination and retaliation claims against Cook in her individual capacity should be dismissed.[1]

II.  Claims Against Yolo

    A.  Title VII

Title VII makes it unlawful for an employer to discriminate based on an employee's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(b). "A person suffers disparate treatment in his employment when he or she is singled out and treated less favorably than others similarly situated on account of race [or gender]." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (internal quotation marks, citations omitted). To establish a prima facie case under Title VII, a plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

---

[1] Plaintiff also alleges a hostile work environment claim under the FEHA. Defendants do not argue that plaintiff fails to state a hostile work environment claim against Cook in her individual capacity; instead, they argue that all federal claims should be dismissed and that the court should decline to exercise supplemental jurisdiction over any remaining state law claims. As discussed herein, plaintiff sufficiently alleges Title VII and ADEA claims against Yolo. Accordingly, there is no basis for dismissing plaintiff's hostile work environment claims against Cook.

As for Martinez, defendants argue that, to the extent plaintiff intended to assert a hostile work environment claim against him in his personal capacity, the complaint's allegations are insufficient to state such a claim. ECF No. 7-1 at 10. They further argue that all of plaintiff's claims, including his federal claims, against Martinez should be dismissed because he is immune from liability under California law. ECF No. 7-1 at 12-13. As previously noted, plaintiff explicitly states that Martinez is sued in his official capacity; only Cook is sued in both her individual and official capacities. ECF No. 1 at 3. Because the official capacity claims against Martinez should be dismissed as duplicative of plaintiff's claims against Yolo, I decline to address these arguments.

1    Defendants argue that plaintiff fails to state a Title VII claim because his first cause of
2    action—the only cause of action referencing Title VII—does not include allegations that could
3    support a discrimination claim.² ECF No. 7-1 at 6.

4    Defendants' argument focuses on the limited allegations falling under the first cause of
5    action, while asking, at least tacitly, that the court ignore the remainder of the allegations in the
6    complaint. The hyper-technical pleading standards advanced by defendants are not demanded by
7    the Federal Rules or case authority and, in fact, run counter to the well-established requirement
8    that courts liberally construe filings by litigants proceeding without counsel. *See Erickson v.*
9    *Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro*
10   *se* complaint, however inartfully pleaded, must be held to less stringent standards than formal
11   pleadings drafted by lawyers.") (internal citations and quotations omitted); Fed. R. Civ. P. 8(e)
12   ("Pleadings must be construed so as to do justice.").

13   Liberally construed, the complaint's allegations are sufficient to state a Title VII claim.
14   First, plaintiff alleges that he belongs to a protected class—"I (plaintiff) am an Iranian-born
15   middle eastern American." ECF No. 1 at 2; *see Aragon v. Republic Silver State Disposal, Inc.*,
16   292 F.3d 654, 660 (9th Cir. 2002) ("It is well-established that Title VII applies to any racial
17   group, whether minority or majority."). He also alleges that he did his job satisfactorily, ECF No.
18   1 at 5, and defendants have conceded that he "was qualified for his position," ECF No. 7-1 at 6.
19   Plaintiff alleges that he suffered an adverse employment action; his employment was terminated.
20   *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 970 (9th Cir. 2002) ("And, of course,

---

² Specifically, defendants argue that:

> [W]hile Plaintiff's First Cause of Action also includes in its title "National Origin Discrimination Title VII, 42 U.S.C. § 2000e-2, Section 703," as indicated above, Plaintiff has only alleged a violation of the FEHA under the First Cause of Action. Plaintiff provides no allegations to support a claim under Title VII despite the heading for the First Cause of Action. As Plaintiff fails to allege that Defendants violated Title VII and fails to plead any facts to show how Defendants did so, the First Cause of Action fails to state a cause of action under Title VII as to all Defendants.

ECF No. 7-1 at 6 (citations omitted).

termination of employment is an adverse employment action."). Finally, his allegations reflect that the decision to terminate him was motivated by his protected traits. Specifically, he alleges in the months prior to his termination, defendant Cook directly and repeatedly made disparaging statements about his national origin. When plaintiff told Cook that he was born in Iran, she responded, "That's a shame!" ECF No. 1 at 25. Cook also called plaintiff "a hard headed arrogant immigrant," a "dumb ass immigrant," and "an arrogant sand n****." *Id.* at 41, 47, 48. Those comments are sufficient to allege the final Title VII element. *See Azizi v. Eldorado Resorts Corp.*, No. 2:15-cv-00755-RFB-PAL, 2016 WL 5867412, at *3 (D. Nev. Oct. 5, 2016) (finding that the plaintiff sufficiently alleged a Title VII claim under disparate treatment theory because his supervisors called him a "camel jockey," "little terrorist," and a "bomb maker" on a daily basis and "also instructed him not to wear a name tag because his name 'sounded Arabic'"). Accordingly, viewed in the light most favorable to plaintiff, the complaint's allegations state a disparate treatment claim under Title VII against Yolo.

   B.   ADEA

The ADEA proscribes employment discrimination based on age for individuals over 40 years old. 29 U.S.C. § 623(a). A "plaintiff can establish a prima facie case of disparate treatment by demonstrating that he was (1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to an inference of age discrimination.'" *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). (internal citation omitted). Defendants concede that plaintiff alleges that "he was within the protected class of individuals under the ADEA and that he was qualified for his position," but argue that he "fails to plead any facts regarding the essential element that a younger person with similar qualifications received the position."[3]  ECF No. 7-1 at 6.

---

[3] As argued with respect to plaintiff's Title VII claim, defendants ask the court to limit its consideration to the allegations falling under plaintiff's first cause of action, which also includes his ADEA claim. As already explained, the argument lacks merit.

Although disparate treatment under the ADEA is often demonstrated by showing that a younger individual was treated more favorably, it can also be established by showing that a plaintiff was "discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz*, 521 F.3d at 1207. Plaintiff specifically alleges that Cook told him that he was "being an uncooperative old f***," that he is "just too old to get it," and that he was an "old grouchy dude" and an "arrogant old prick[]." ECF No. 1 at 46, 48. These allegations are sufficient to give rise to an inference that plaintiff was terminated due to his age. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) (holding that employer's statements that the employee "was so old [he] must have come over on the Mayflower" and "was too damn old to do [his] job" was highly probative evidence of age discrimination); *see also Hartung v. Cae Newnes, Inc.*, 229 F. Supp. 2d 1093, 1101 (D. Or. 2002) (finding that defendant's numerous statements about the plaintiffs' age showed an age-related prejudice).

Additionally, Cook attempted to have another employee in plaintiff's protected class fired—60-year-old Yolo employee Tom McGuire—asserting an agenda to get rid of old employees. Cook instructed plaintiff to fire McGuire and told plaintiff that McGuire was an "old prick," an "old grouchy dude," that "[h]e's set in his ways and is just too old to understand our needs," and that he was "having a senior moment." *Id.* at 42, 44, 45. Cook's comments about plaintiff's age, viewed in conjunction with his instructions to plaintiff to fire someone of similar age—are sufficient to state a claim. *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1113 (9th Cir. 2011) (noting that "comments from supervisors betraying bias or animus against older workers" constitute direct evidence of age discrimination). I find that plaintiff has stated an AEDA claim against Yolo.[4]

Accordingly, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 7, be granted in part and denied in part as follows:

---

[4] Because plaintiff has sufficiently alleged federal claims, the court has supplemental jurisdiction over plaintiff's related FEHA claims against Yolo and Cook. 28 U.S.C. § 1367(a).

        a. Plaintiff's official capacity claims against Cook and Martinez be dismissed without leave to amend.

        b. Plaintiff's Title VII, ADEA, and retaliation and discrimination claims under the FEHA against Cook in her individual capacity be dismissed without leave to amend.

        c. The balance of the motion be denied, and this action proceed on plaintiff's FEHA hostile work environment claim against Cook in her official capacity and his Title VII, ADEA, and the FEHA claims against Yolo.

    2. Defendants Yolo and Cook be directed to file an answer within fourteen days of any order adopting these findings and recommendations.

    I recommend that defendants' motion to dismiss, ECF No. 7, be denied. I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 9, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE