UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMOND SARKIS,<br><br>  Plaintiff,<br><br>  v.<br><br>YOLO COUNTY PUBLIC AGENCY RISK MANAGEMENT INSURANCE AUTHORITY, JILL COOK, individually and in her official capacity, and RONALD J. MARTINEZ, *et al.*,<br><br>  Defendants. | Case No. 2:21-cv-01097-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Pending is plaintiff's motion to strike defendants' amended answer. ECF No. 40. Plaintiff seeks to strike twenty-three affirmative defenses in defendants' answer. Defendants have filed an opposition, ECF No. 43, and plaintiff has not filed a reply within the allotted time. I recommend that his motion to strike be granted in part.

**Legal Standards**

Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966-67 (9th Cir. 2014) (internal quotations omitted). An affirmative defense can be deficient either in pleading or as a matter of law. *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). In terms of pleading, "[t]he key to determining

the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  An affirmative defense is deficient as a matter of law only if it can be shown "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Securities & Exchange Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).  Motions to strike affirmative defenses are disfavored challenges, because they often amount to little more than a dilatory tactic.  *See Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

## Analysis

As noted above, there are twenty-three affirmative defenses challenged in plaintiff's motion.

### I.  Failure to Allege Sufficient Facts to State a Cause of Action

Plaintiff argues that defendants' first affirmative defense—failure to allege sufficient facts to state a cause of action—does not qualify as an affirmative defense. ECF No. 40 at 6.  On this point, plaintiff is correct.  *See Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 188 F. Supp. 3d 986, 995 (E.D. Cal. 2016) (holding that, rather than an affirmative defense, "[f]ailure to state a claim is an assertion of a defect in Plaintiffs' prima facie case").  I recommend that this defense be stricken on that basis.

### II.  Remaining Affirmative Defenses

Plaintiff groups these twelve defenses together and broadly alleges that they are "boilerplate legal conclusions without factual support" and that they fail to provide him with proper notice. ECF No. 40 at 7.  I consider whether the defenses have possible legal merit and whether they provide appropriate notice.  As to notice, all that is required is that a defense be described in "general terms." *Kohler v. Flava Enters.*, 779 F.3d 1016, 1019 (9th Cir. 2015).

#### a.  Second Affirmative Defense

In their second affirmative defense, defendants argue that plaintiff is barred from recovering money damages to the extent that he failed, or continues to fail, to mitigate any damages. ECF No. 38 at 5.  I recommend that this defense be stricken because it lays no factual

2

foundation and does not describe how plaintiff failed to mitigate his damages. *See Park v. Kitt*, No. 1:19-cv-01551-AWI-HBK (PC), 2021 U.S. Dist. LEXIS 63168, *9 (E.D. Cal. Mar. 31, 2021) ("[T]here are myriad ways in which a plaintiff can fail to mitigate damages. . . . A brief description of that factual basis should be included so that this defense is not 'fact barren.'").

### b. Third Affirmative Defense

In their third affirmative defense defendants argue that the complaint and each cause of action is limited and/or barred by the applicable statutes of limitation. ECF No. 38 at 5. I recommend that this defense be stricken because it fails to cite a particular statute of limitations. *See Major v. Bossard, Inc.*, No. CV-20-00530-TUC-JCH, 2021 U.S. Dist. LEXIS 119395, *5 (D. Ariz. Mar. 12, 2021) ("The failure to identify the applicable statute of limitations when asserting a statute of limitations affirmative defense is a failure to provide fair notice.").

### c. Fourth Affirmative Defense

Defendants' fourth affirmative is that plaintiff's claims are barred or limited by the doctrine of unclean hands. ECF No. 38 at 5. They reference an accusation of sexual assault against plaintiff that arose during a conference he attended on their behalf and other "disruptive and combative behavior" allegedly exhibited against members of defendants' staff. *Id.* Plaintiff disputes the sexual assault allegations and argues that the allegations of disruptive behavior are "made up." ECF No. 40 at 9. I decline to recommend that this defense be stricken. Notice to plaintiff is adequate, and this motion to strike is not the appropriate means of challenging the truth of the allegations underlying the defense.

### d. Fifth Affirmative Defense

In their fifth affirmative defense, defendants argue that plaintiff's claims are barred or limited by the doctrine of after-acquired evidence. ECF No. 38 at 5. They reference the same alleged sexual assault and combative behaviors referenced in the fourth affirmative defense. *Id.* This is potentially a valid affirmative defense in an employment discrimination action, which, if proven, might allow an employer to limit liability, *McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 361 (1995), and the reference to instances of wrongdoing puts plaintiff on adequate notice as to what categories of after-acquired evidence will be at issue. I decline to recommend

that this defense be stricken.

### e. Sixth Affirmative Defense

Defendants' sixth affirmative defense is that each of plaintiff's causes of actions are barred because "any employment action taken against him was based on a proper, business-related reason which was neither discriminatory, arbitrary, capricious, nor unlawful under law, regulation, or public policy." ECF No. 38 at 5. Plaintiff has not offered a specific attack on this defense, though it is listed among the defenses he would have me strike.

Defendant has stated an affirmative defense. Defendants have sufficiently put plaintiff on notice that they intend to argue that his termination was not motivated by any discriminatory reason. I decline to recommend that this affirmative defense be stricken. *See Johnson v. Golden Empire Transit Dist.*, 1:14-CV-001841 LJO JLT, 2015 U.S. Dist. LEXIS 45515, *11-12 (E.D. Cal. Apr. 7, 2015) ("[T]he existence of a legitimate, non-discriminatory reason in the employment discrimination context is part of a defendant's rebuttal to a prima facie case of discrimination and is therefore properly categorized as an affirmative defense.").

### f. Seventh Affirmative Defense

Defendants argue that the complaint is barred or, at least, limited by the doctrine of unclean hands. ECF No. 38 at 6. Again, they reference allegations of sexual assault and combative behaviors by plaintiff. *Id.* I find, contrary to plaintiff's arguments, that this defense provides adequate notice to plaintiff and is legally sufficient. I decline to recommend that it be stricken.

### g. Eighth Affirmative Defense

Defendants' eighth defense is that plaintiff's claims are barred because the alleged wrongful termination would have occurred anyway because of the aforementioned allegations. Plaintiff argues that these allegations are fabricated and unsupported. ECF No. 40 at 10. Again, a motion to strike is not the appropriate vehicle for challenging the truth of factual allegations underlying defendants' affirmative defenses. I decline to recommend that this defense be stricken.

### h. Ninth Affirmative Defense

Defendants argue that plaintiff's delay in presenting his claims caused them prejudice and that he should be denied relief based on the doctrine of laches. ECF No. 38 at 6. Defendants do not assert how they suffered prejudice, however. "A party asserting laches must show that it suffered prejudice as a result of the plaintiff's unreasonable delay in filing suit." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (citations omitted). Accordingly, I recommend that this defense be stricken.

### i. Tenth Affirmative Defense

In their tenth defense, defendants allege that "the injuries of which Plaintiff complains, and for which Plaintiff seeks indemnity, are the proximate result of the acts, errors or omissions, negligence or other legal fault of parties, defendants, persons, partnerships, corporations and entities, both named and unnamed." ECF No. 38 at 6. I recommend that this defense be stricken because it is bereft of specifics or factual support. *See Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 284 (N.D. Cal. 2015) ("Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense.").

### j. Eleventh Affirmative Defense

The eleventh affirmative defense is that plaintiff's claims are barred by the doctrine of exclusive remedy to the extent those claims are governed by the California Worker's Compensation Act. ECF No. 38 at 7. Plaintiff argues that this defense is legally inapplicable. ECF No. 40 at 7. I agree, insofar as plaintiff does not allege that he was injured during his employment, and defendants have not otherwise explained how California worker's compensation law is applicable. I recommend that it be stricken.

### k. Twelfth Affirmative Defense

Defendants' twelfth affirmative defense is that "any conduct and/or statements attributed to them by Plaintiff were justified and made in good faith for legitimate non-discriminatory and non-retaliatory reasons, were truthful, and/or were privileged pursuant to California Civil Code

section 47." ECF No. 38 at 7.  Plaintiff argues that this is a boilerplate defense that does not provide him with adequate notice.  ECF No. 40 at 7.  Though threadbare, this defense is sufficient to provide plaintiff notice that defendants contend that their reasons for terminating him were legitimate.  I decline to recommend that it be stricken.

### l.   Thirteenth Affirmative Defense

The thirteenth affirmative defense is that "[p]laintiff's damages for emotional distress, if any, are barred in that conduct by these answering Defendants neither contravened any established public policy nor exceeded the inherent risks of employment."  ECF No. 38 at 7.  The same analysis applicable to the twelfth defense applies here, and I decline to recommend that it be stricken.

### m.   Fourteenth Affirmative Defense

In their fourteenth defense, defendants argue that "they exercised reasonable care to prevent, and/or promptly correct any discriminatory or otherwise unlawful behavior; (2) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by said Defendants or to otherwise avoid harm; and (3) the reasonable use of Defendants' procedures would have prevented the harm that Plaintiff allegedly suffered."  *Id.*  I recommend that this defense be stricken because it fails to provide plaintiff with adequate notice.  In particular, it fails to describe what discriminatory behavior defendants took care to prevent, what preventive or corrective opportunities they made available, and what procedures would have prevented the harm plaintiff suffered.

### n.   Fifteenth Affirmative Defense

Defendants argue that "[p]laintiff's claims are barred by his own breaches of duty owed to Defendants including but not limited to, those set forth in California Labor Code sections 2854, 2856-2859."  ECF No. 38 at 7.  Plaintiff argues that the lack of factual support in this defense deprives him of proper notice.  ECF No. 40 at 8.  I recommend that this defense be stricken because, although it references the relevant code sections, its lack of factual development leaves the reader to speculate as to what breaches of duty it references.

### o. Sixteenth Affirmative Defense

Defendants argue that "[p]laintiff's Complaint, and each purported cause of action therein, is barred by the provisions of California Government Code and the immunities found therein that include, but are not limited to, sections 815, 815.2, 815.6, 820.2, and 820.8." ECF No. 38 at 7. I recommend that this defense be stricken because, although it references some of the code sections it relies on, it fails to apply those sections to any facts that would give plaintiff adequate notice. It is insufficient merely to recite code sections and intimate that they might, somehow, be a defense to a plaintiff's claims.

### p. Seventeenth Affirmative Defense

Defendants argue that they are entitled to a reduction in any judgment for medical expenses under California Government Code Section 985. ECF No. 38 at 7. Plaintiff argues that this is not an affirmative defense and that it is irrelevant. In their response, defendants argue that it might be relevant to a claim for medical damages associated with plaintiff's emotional distress claims. ECF No. 43 at 10. This is sufficient to save the defense. I decline to recommend that it be stricken.

### q. Eighteenth Affirmative Defense

Defendants argue that the complaint fails to allege facts sufficient to constitute a viable action for punitive damages, exemplary damages, or an award of attorney's fees. ECF No. 38 at 8. Plaintiff argues that this is not a legally cognizable affirmative defense, and he is correct. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). I recommend that this defense be stricken.

### r. Nineteenth Affirmative Defense

Defendants argue that all of plaintiff's claims are barred by waiver. ECF No. 38 at 8. I recommend that this defense be stricken because defendants fail to identify its relevance to the facts of this case. *See Banga v. Kanios*, No. 16-CV-04270-RS, 2018 U.S. Dist. LEXIS 244895, *7 (N.D. Cal. Mar. 20, 2018) ("Baldly naming the broad affirmative defense of waiver falls well short of the minimum particulars needed to identify the affirmative defense and provide

fair notice to the plaintiff."). In their opposition, defendants argue merely that this defense might apply to a written contract that has some relevance in this case. ECF No. 43 at 11.

### s. **Twentieth Affirmative Defense**

Defendants argue that each of plaintiff's causes of actions is barred, in whole or in part, by the doctrine of equitable estoppel. ECF No. 38 at 8. The same analysis that applied to the foregoing defense of waiver applies here. A defense of estoppel requires that defendants detrimentally relied on plaintiff's conduct. *United States v. Hemmen*, 51 F.3d 883, 892 (9th Cir. 1995). Defendants have not alleged how estoppel applies here and, thus, have not given adequate notice to plaintiff. I recommend that this defense be stricken.

### t. **Twenty-First Affirmative Defense**

In their twenty-first defense, defendants argue that plaintiff's claims are barred by his failure to exhaust administrative remedies. Defendants do not, however, offer any elaboration as to what remedies plaintiff failed to exhaust. Accordingly, this defense fails to provide adequate notice to plaintiff, and I recommend that it be stricken.

### u. **Twenty-Second Affirmative Defense**

Defendants argue that the complaint and each cause of action within it are barred in whole or in part because of plaintiff's intentional or criminal conduct that amounts to a superseding cause. ECF No. 38 at 8. It is unclear whether this defense is referencing the aforementioned allegations of sexual misconduct, or some other intentional or criminal conduct. Thus, this defense fails to provide adequate notice, and I recommend that it be stricken.

### v. **Twenty-Third Affirmative Defense**

The twenty-third defense is merely an assertion that defendants lack sufficient knowledge as to whether they may bring additional defenses in the future. ECF No. 38 at 8. This is not itself an affirmative defense, and I recommend that it be stricken on that basis. *See Whiting v. City of Palm Desert*, No. EDCV 17-01395 JGB (KKx), 2018 U.S. Dist. LEXIS 226788, *24 (C.D. Cal. May 17, 2018) (Noting that "[t]he right to reserve additional defenses is not itself an affirmative defense. . . . [and] it appears to duplicate rights already preserved by the Federal Rules.").

Accordingly, it is RECOMMENDED that plaintiff's motion to strike, ECF No. 40, be

GRANTED IN PART, and that certain of defendants' affirmative defenses, specifically those numbered 1, 2, 3, 8, 9, 10, 11, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23, be stricken.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __July 28, 2023__

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE