UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMOND SARKIS,<br><br>    Plaintiff,<br><br>    v.<br><br>YOLO COUNTY PUBLIC AGENCY RISK MANAGEMENT INSURANCE AUTHORITY, et al.,<br><br>    Defendants. | No. 2:21-cv-01097-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendants Yolo County Public Agency Risk Management Insurance Authority ("YCPARMIA") and Jill Cook's ("Cook") (collectively, "Defendants") Bill of Costs. (ECF No. 77.) Plaintiff Armond Sarkis ("Plaintiff") filed objections. (ECF No. 78.) For the reasons discussed below, Defendants' costs are GRANTED in part and DENIED in part.

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 22, 2021, Plaintiff filed suit against Defendants alleging various federal and state claims. (ECF No. 1.) On November 7, 2023, Defendants sent Plaintiff an Offer of Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 68, which Plaintiff did not accept. (ECF No. 77-1 at 2.) On August 26, 2024, the magistrate judge assigned to this case issued findings and recommendations recommending, in relevant part, that Defendants' motion for summary judgment (ECF No. 61) be granted as to Plaintiff's federal claims.[1] (ECF No. 71.) On September 25, 2024, this Court adopted the magistrate judge's findings and recommendations in full, and the case was closed. (ECF No. 76.) On October 8, 2024, Defendants submitted the instant Bill of Costs. (ECF No. 77.) On October 17, 2024, Plaintiff filed objections. (ECF No. 78.)

## II. STANDARD OF LAW

Under Rule 54(d)(1), the prevailing party in a lawsuit shall recover its costs "unless . . . a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). The rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. *See Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000).

A prevailing party's ability to recover costs under Rule 54(d)(1) is limited by 28 U.S.C. § 1920 and, in the Eastern District, by Local Rule 292. *See* 28 U.S.C. § 1920; E.D. Cal. L.R. 292(f); *see also Crane-McNab v. Cty. of Merced*, No. 1:08-cv-1218-WBS-SMS, 2011 WL 794284, at *1 (E.D. Cal. Mar. 1, 2011) ("Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 292 govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920."). 28 U.S.C. § 1920 enumerates which fees and expenses the Court may tax as costs. Local Rule 292(a) prescribes that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. § 1920" and Local Rule 292(f) provides a list of specific fees and expenses that are taxable as costs. E.D.Cal. L.R. 292(a), (f). 28 U.S.C. § 1920(4) provides

---

[1] The magistrate judge also recommended the Court decline to continue exercising supplemental jurisdiction over Plaintiff's remaining state law claims and they be dismissed without prejudice. (ECF No. 71 at 10.)

1  that courts may tax as costs "[f]ees for exemplification and the costs of making copies of any
2  materials where the copies are necessarily obtained for use in the case." If the court declines to
3  award costs, it must specify its reasons for doing so. *Berkla v. Corel Corp.*, 302 F.3d 909, 921
4  (9th Cir. 2002).

**III.   ANALYSIS**

Plaintiff makes several general and specific objections to Defendants' Bill of Costs. (ECF No. 78-1.) The Court will consider each in turn.

*i.   Plaintiff's General Objections*

First, Plaintiff argues Defendants are not prevailing parties because Plaintiff's state law claims, which were dismissed without prejudice, are currently being litigated in Yolo County Superior Court, Case No. CV2024-2614. (ECF No. 78 at 2.) The Court finds Plaintiff's argument unpersuasive as all of Plaintiff's federal claims were dismissed, and Plaintiff's case in this Court was subsequently closed. (ECF Nos. 75, 76.) The fact that Plaintiff was allowed to proceed with his state law claims in state court does not mean that Defendants did not prevail in the case before this Court.

Next, Plaintiff argues Defendants' Offer of Judgment does not justify an award of costs. (ECF No. 78 at 3.) As part of Plaintiff's argument,[2] Plaintiff concedes Defendants are entitled to costs incurred after November 7, 2023, the date Defendants issued the Offer of Judgment. (*Id.* at 4.) Plaintiff correctly identifies that the only cost incurred after November 7, 2023, in Defendants' Bill of Costs is the cost for the deposition transcript of Marina Miahlevsky ("Ms. Miahlevsky"). (*Id.*, ECF No. 77-1 at 2–4.) Accordingly, the only cost which Defendant is entitled to recover under Rule 68(d) is the cost for the transcript of the deposition of Ms. Miahlevsky.

Finally, Plaintiff argues given the substantial public interest of the case, the closeness and difficulty of the issues, the potential for chilling effect on future actions, Plaintiff's limited

---

[2]   The majority of Plaintiff's contentions in this section are not comprehendible to the Court (*id.*) and thus, are not addressed.

3

1 resources,³ and the economic disparity between the parties, the Court should deny Defendants'
2 Bill of Costs in its entirety or, alternatively, significantly reduce the costs requested.  (*Id*. at 4–5.)
3 As previously discussed, the only cost which Defendant is entitled to recover under Rule 68(d) is
4 the cost for the transcript of the deposition of Ms. Miahlevsky, which amounts to $960.00 and is
5 significantly less than $6,997.55, the amount Defendants requested in their Bill of Costs.  (*See*
6 ECF No. 77-1.)  Plaintiff fails to persuade the Court a further reduction is warranted.

7          *ii.*      *Plaintiff's Specific Objections*

8 As the only cost that Defendant is entitled to recover under Rule 68(d) is the cost for the
9 transcript of the deposition of Ms. Miahlevsky, the Court only addresses Plaintiff's specific
10 objection regarding that cost.

11 Plaintiff argues the deposition of Ms. Miahlevsky was unnecessary and unreasonable as it
12 was not required by the Court, nor was it indispensable to the litigation.  (ECF No. 78 at 6.)
13 Defendants maintain the deposition was necessary to form the Defendants' strategy.  (ECF No.
14 77-1 at 3.)  The Court does not have sufficient information to reach a determination as to whether
15 the deposition was unreasonable, nor does it find it necessary to do so as Defendant is entitled to
16 costs incurred after the issuance of its Offer of Judgment per Rule 68(d).  As the cost for the
17 deposition of Ms. Miahlevsky was incurred after November 7, 2023, Defendant is entitled to
18 recover the cost.

19 Accordingly, Defendants' Bill of Costs is GRANTED as to the cost for the transcript of
20 the deposition of Marina Miahlevsky, which amounts to $960.00, and DENIED as to all other
21 costs.

22 **IV.**    **CONCLUSION**

23 For the aforementioned reasons, Defendants' Bill of Costs (ECF No. 77) is GRANTED as
24 to the cost for the transcript of the deposition of Marina Miahlevsky, which amounts to $960.00,
25 and DENIED as to all other costs.

26 //

---

28 ³     Plaintiff argues, without any support, he has limited resources *compared to* YCPARMIA.  (*Id*. at 5 (emphasis added).)

IT IS SO ORDERED.

DATE: December 5, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE